43211. WEST END TIN SHOP, INC. v. BROYLES &
BROYLES, INC. et al.

ARGUED NOVEMBER 7, 1967—DECIDED DECEMBER 4, 1967—
REHEARING DENIED DECEMBER 18, 1967—CERT.

12

*Archer D. Smith, III, Nolan B. Harmon,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, J. Timothy White,* for appellees.

FELTON, Chief Judge. Since the jurisdiction of the trial court over the case is conceded by both sides, the issue is not here ruled on.

Under Article XVI (a) of the subcontract between the principal contractor and the defendant Broyles & Broyles, Inc., the latter was prohibited from subletting the subcontract, or any part thereof, without the written consent of the principal contractor. The petition does not allege that the subcontract between Broyles & Broyles, Inc. and E. F. Evans Co., Inc. was made with the written consent of the principal contractor.

The petition and its attached exhibits show that the plaintiff was a subcontractor of a subcontractor of the defendant subcontractor. That the defendant subcontractor's liability did not extend far enough, under its subcontract with the principal contractor, to include the plaintiff's claim may be seen by reference to the restriction in Article XVI (b) of said contract of claims to those of only subcontractors of the subcontractor named therein (defendant). This provision, together with the one for written consent to any further subcontracts, was included for the purpose of protecting both the principal contractor and the defendant subcontractor from claims arising out of subcontracts with additional parties whose identity, reputation and financial situation may be unknown to them.

Nor does the broad language of the defendant subcontractor's payment bond, which purports to include *"all persons* furnishing labor, services, materials or supplies, machinery, equipment, tools and all other items *under or for the purpose of the contract"* (emphasis supplied), require a different result. The courts, in construing the similar provisions of the Miller Act (Title 40, § 270 (b), USCA) with respect to payment bonds, i. e.: *"Every person* who has furnished labor or material in the prosecution of the work provided for . . . in respect of which a payment bond is furnished . . . shall have the right to sue on such payment bond for the amount, or the balance thereof . . . [emphasis supplied]" have held that even such broad, sweeping language does not extend the coverage to each and every person doing something connected with the bonded contract; to do so would violate traditional contract theories of privity, contemplation of the parties and coverage. See Clifford F. MacEvoy Co. v. United States, 322 U. S. 102 (64 SC 890, 88 LE 1163); Fidelity & Deposit Co. of Md. v. Harris, 360 F2d 402, 408; Elmer v. U. S. Fidelity & Guaranty Co., 275 F2d 89 (5th Cir.).

The petition as amended failed to state a cause of action against the defendants for the reason that the coverage of the bond contended for was not in the contemplation of the parties; therefore, the court did not err in its judgment sustaining the general demurrer.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*